IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

**v.**                                                                        **No. 21-cv-1198 WJ/SMV**
                                                                              **20-cr-0245 WJ**

**SERGIO ALBERTO ORNELAS-ORTEGA,**

    **Defendant/Petitioner.**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendant/Petitioner ("Defendant") Ornelas-Ortega's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence . . . [CV Doc. 1, CR Doc. 33][1] ("Motion"), filed on December 16, 2021. Plaintiff/Respondent ("the Government") responded on March 10, 2022. [Doc. 8]. Plaintiff did not file a reply. The Honorable William P. Johnson, United States Chief District Judge, referred this matter to me for proposed findings and a recommended disposition. [Doc. 3]. Having reviewed the parties' submissions, the relevant law, the records in this case and Defendant's underlying criminal case, and being otherwise fully advised in the premises, I find that Defendant fails to show ineffective assistance of counsel. Thus, I recommend that the Motion be DENIED and that Case No. 21-cv-1198 WJ/SMV be DISMISSED with prejudice.

---

[1] References herein are to case number 21-cv-1198 WJ/SMV, unless labeled "CR", which refers to the underlying criminal case, 20-cr-0245 WJ.

**Background**

On January 22, 2020, Defendant pleaded guilty to possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and aiding and abetting, 18 U.S.C. § 2. [CR Doc. 19] (Plea Agreement); [CR Doc. 20] (clerk's minutes for plea hearing); [Doc. 8-2] (transcript of plea hearing). As part of his plea agreement, Defendant admitted the following:

> On August 12, 2019, I provided four pounds of methamphetamine to another individual. The other individual and I intended that the other individual was going to sell the methamphetamine to a third person. The individual to whom I provided the four pounds of methamphetamine then called and asked me to take that individual another five pounds of methamphetamine. I agreed, and I left my residence to go meet that individual. Police stopped me as I was on my way to meet the other individual. During a search of my vehicle, law enforcement agents found an additional four pounds of methamphetamine in my vehicle. During a subsequent search of my residence, law enforcement agents seized $4,100 in drug proceeds and several firearms.

[CR Doc. 19] at 4. As is relevant to Defendant's instant motion, he further stipulated to playing neither an aggravating nor mitigating role in the offense. In other words, he stipulated that his offense level should neither be increased nor decreased pursuant to United States Sentencing Guidelines ("USSG") §§ 3B1.1 or 3B1.2. [CR Doc. 19] at 1–2, 5. Finally, Defendant waived his right to appeal or to collaterally attack his conviction or sentence, other than on the ground of ineffective assistance of counsel. *Id.* at 8.

The Honorable Carmen Garza, United States Magistrate Judge, accepted his guilty plea. [CR Doc. 20]. The Presentence Report ("PSR") calculated a total-offense level of 35. [CR Doc. 21] at 7. The statutory minimum term of imprisonment was ten years, and the USSG range was 168–210 months. *Id.* at 10.

Pursuant to 18 U.S.C. § 3553(a), Defendant's attorney moved for a downward variance from 168 months (the low end of the USSG range) to 120 months (the statutory mandatory minimum) on several grounds: (1) that Defendant's conduct in this case represented aberrant behavior for Defendant, (2) that Defendant was a model citizen in pretrial detention and, thus, was capable of rehabilitation, and (3) that 168 months would be unduly harsh considering that Defendant also faced deportation, and more than the ten-year statutory minimum would burden American taxpayers. [CR Doc. 23]. The government argued that, although Defendant had no previous convictions, his behavior was not aberrant based on the facts and circumstances of the case, e.g., the large amount of methamphetamine as well as $4,100 in cash, handguns, baggies, and scales found at his home. [CR Doc. 24] at 5–6. The government opposed any downward variance and encouraged a sentence of 168 months, i.e., the low end of the guideline range. [CR Doc. 24] at 8.

Chief Judge Johnson held a sentencing hearing on December 21, 2020. [CR Doc. 31]. Ultimately, he sentenced Defendant to 168 months' incarceration. *Id.*; [Doc. 8-3] at 16–23. Defendant filed no direct appeal. Defendant now brings the instant Motion pursuant to § 2255, based on ineffective assistance of counsel. [CV Doc. 1].

## **Standard**

In *Strickland v. Washington*, the United States Supreme Court set forth the two-part test for a claim of constitutionally ineffective assistance of counsel. 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair [proceeding].

466 U.S. at 687.  Both showings must be made to satisfy the *Strickland* standard.  *Id.*  The Court need not address both prongs of the standard if the defendant makes an insufficient showing on one of the prongs.  *Id.* at 697.  A court may address the performance and prejudice components in any order.  *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).

Under the first prong, a defendant must demonstrate that his counsel's performance was deficient.  The appropriate standard for attorney performance is that of reasonably effective assistance.  The defendant must demonstrate that, considering all the circumstances, counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms.  *See Strickland* 466 U.S. at 687–88.  For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong."  *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)).  The Court must be highly deferential in evaluating an attorney's performance:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "Neither hindsight nor success is the measure" of whether counsel was effective, and "effective"

4

is not synonymous with victorious or flawless. *Dever v. Kan. State Penitentiary*, 36 F. 3d. 1531, 1537 (10th Cir. 1994). Rather, to be considered *ineffective* assistance of counsel, "the representation must have been such as to make the [proceeding] a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Id*. (citing *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971)).

A defendant asserting ineffective assistance of counsel must also affirmatively prove prejudice. *Strickland*, 466 U.S. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### Defendant fails to show ineffective assistance of counsel.

Defendant argues that his attorney was constitutionally ineffective for failing to present certain arguments in favor of a lesser sentence. None is meritorious. Two arguments fail to show ineffective assistance because even if they had been raised, they would have failed. The third argument fails because Defendant, in fact, received the benefit. The remaining two arguments fail because Defendant gave them up in exchange for the benefit of the plea agreement. Plaintiff shows neither deficient performance by his attorney, nor prejudice. The Motion should be denied.

Defendant's first argument is that his attorney should have alerted Chief Judge Johnson that the Bureau of Prisons might potentially deny him the opportunity to participate in the residential drug and alcohol ("RDAP") program, which could trigger a reduction in sentence of up to one year. Defendant argues that non-US-citizens are not eligible for RDAP sentence-reduction. As Defendant sees it, because he is not a U.S. citizen, the potential denial of the sentence reduction

would violate equal protection. [Doc. 1] at 4, 17–20. He argues that his attorney was ineffective for failing to raise this hypothetical scenario to Chief Judge Johnson as a basis for varying his sentence downward. *Id.* This argument fails to show ineffective assistance of counsel for many reasons, all of which are well explained in the government's Response. *See* [Doc. 8] at 16–21. One reason suffices here. Regardless of his citizenship status, Defendant was not eligible for RDAP because of the presence of the firearms. *See* 18 U.S.C. § 3621(e)(2)(B) (RDAP sentence reduction is reserved only for "nonviolent" offenses). Defendant's attorney was not ineffective for failing to raise this speculative argument. Further, Defendant fails to show that the lack of argument prejudiced him.

Second, Defendant argues that his attorney was constitutionally ineffective for failing to request a one-point offense-level reduction based on his acceptance of responsibility under USSG § 3E1.1(b). [Doc. 1] at 5, 20–22. This argument is without merit because Defendant, in fact, received the one-point reduction under § 3E1.1(b). Notably, he received a *three*-point level reduction for acceptance of responsibility. *Compare* [Doc. 21] at 7 (PSR, reflecting the three-point reduction under §§ 3E1.1(a) and (b), and a total offense level of 35), *with* [Doc. 8-3] at 2 (transcript of sentencing hearing, in which the Judge accepts the PSR's calculation of the total offense level).

Third, Defendant argues that his attorney was constitutionally ineffective for failing to request a "safety valve" reduction pursuant to 21 U.S.C. § 3553(f). [Doc. 1] at 23; *see id.* at 7, 22–24. This argument is without merit because such request would have been futile.[2] Defendant was

---

[2] Petitioner represents that the judge "recommended" the safety-valve reduction and "gave a hint" about it at the sentencing hearing. [Doc. 1] at 22 and 24 (respectively). Petitioner is mistaken. Chief Judge Johnson acknowledged that some defendants choose not to debrief with the government out of concerns for their personal safety or the safety of family and, thus, are not eligible for a downward departure under USSG § 5K1.1. [Doc. 8-3] at 7–8 (transcript of sentencing hearing). Chief Judge Johnson did not suggest or imply the safety-valve reduction or any reduction could have benefitted Defendant. *See* [Doc. 8-3].

6

not eligible for a safety-valve reduction because of the presence of firearms. § 3553(f)(2) (reduction not available to defendant who possessed a firearm); *see* [Doc. 21] at 12 (PSR) (same). Defendant's attorney's representation was not deficient for failing to request a safety-valve reduction, and Defendant was not prejudiced by the lack of request.

Defendant's fourth and fifth arguments are also without merit. Defendant argues that his counsel was constitutionally ineffective for failing to call and confront "the analyst who signed the certification of purity of the methamphetamine seized during [Defendant's] arrest." [Doc. 1] at 26; *see id.* at 8, 24–27. Defendant also argues that his attorney was constitutionally ineffective for failing to request an offense-level reduction for his "minor participant" role. [Doc. 1] at 27–29 (citing USSG § 3B1.2 and amendment 794). Defendant voluntarily abandoned these arguments in exchange for the benefit of the plea agreement. [Doc. 19] at 4 (Plea Agreement: stipulation that Defendant provided four pounds of methamphetamine and attempted to provide an additional four pounds of methamphetamine); *id.* at 5 (Plea Agreement: "[D]efendant played neither an aggravating nor mitigating role in the offense[, and his] offense level should neither be increased nor decreased pursuant to USSG § 3B1.1 or § 3B1.2."). Judge Garza reviewed with Defendant that, in exchange for the benefit of the plea agreement, he was stipulating: (1) that the government could prove that he provided four pounds of methamphetamine and attempted to provide an additional four pounds of methamphetamine, [Doc. 8-2] at 12–13, and (2) to neither an increase or decrease under §§ 3B1.1 and 3B1.2, [Doc. 8-2] at 9. Defendant fails to show that his attorney's assistance was deficient.

**Conclusions and Recommended Disposition**

Defendant fails to show that his attorney's assistance was "totally unreasonable." *See Hoxsie*, 108 F.3d at 1246. Further, he fails to show that he was prejudiced by his attorney's failure to pursue any of the lines of defense identified in his Motion. Accordingly, I recommend that Defendant's § 2255 Motion [CV Doc. 1; CR Doc. 33] be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**